CASE 49—APPLICATION FOR ALLOWANCE—NOVEMBER 29.

## Hetsch, &c., v. Commonwealth.

APPEAL FROM CAMPBELL CHANCERY COURT.

THE COMMISSIONERS OF THE COURT-HOUSE DISTRICT OF CAMPBELL COUNTY, and not the city jailer of Newport, are entitled to an allowance for services rendered by the janitor appointed by them in waiting on the Campbell Chancery Court while held in Newport, and for lights and fuel furnished by them. The statute, to which there is no constitutional objection, so provides, and must be followed.

ALVIN DUVALL, JOHN P. NEWMAN FOR APPELLANTS.

The office of jailer is not a constitutional office so far as concerns the duties of taking care of the court rooms, furnishing fuel and lights. This is entirely a matter of legislative control. (Horsefall v. Commonwealth, 1 Bush, 103; Milier v. Porter, 8. B. M., 283; Sullivan v. New York, 53 N. Y., 652.)

P. W. HARDIN, ATTORNEY-GENERAL, AND JOHN S. DUCKER FOR APPELLEE.

No brief in record.

JUDGE BENNETT DELIVERED THE OPINION OF THE COURT

By an act of the Legislature of this State, approved March the 10th, 1856, it was provided that the circuit and county courts for Campbell county should be held, at stated times, in Alexandria, the county seat, and in the city of Newport. It was also provided in said act that the public buildings of the city of Newport, to wit, court-house, clerks' office and jail, should be used for circuit and county court purposes. Owing to the increase of population and increase of business, and the insufficient accommodation afforded by the public buildings of the city of Newport to the circuit courts meeting in said city, a new and more commodious

court building became necessary. Therefore, the Legislature, by an act approved April 17, 1882, created the court-house district of Campbell county, which district comprises the cities of Newport and Dayton, and the town of Bellevue, and a part of the territory adjacent to these places. This act also provides that the circuit court shall appoint three commissioners, who shall issue bonds to the amount of fifty thousand dollars for the purpose of erecting a suitable court building, etc. These commissioners are expressly made the custodians of the building which they are authorized to erect, and are made responsible for its maintenance. The commissioners caused said building to be erected.

By an amendatory act of the Legislature, approved March 13, 1886, it is provided by the second section that the commissioners "shall have the power to appoint a janitor for said court-house, and allow him a monthly compensation for his services, not to exceed sixty dollars per month. Said janitor shall be under the direction and control of the commissioners, and removed at their pleasure."

The third section of the act provides as follows: "The said commissioners shall have the control of said court-house and grounds belonging thereto ; they shall cause the court and jury rooms in said house to be properly lighted and warmed when required for holding of the several chancery, circuit, criminal and county courts ; they shall also cause the office rooms of the circuit court and county clerks, the master commissioner and the sheriff, in said building, to be lighted and warmed when required, and properly attended to by said janitor ; they shall also cause the dials of the

clock in the tower of said court-house to be illuminated at night; and they shall cause the janitor of said court-house to be in attendance upon· said courts during their said terms at Newport. For the light and fuel furnished and services rendered, the said commissioners shall be allowed by said several courts the same sum per day for the light and fuel furnished, and the same sum per day for the services of said janitor, as are allowed and paid to the county jailers for light and fuel furnished and services rendered in said courts.

"The allowance thus made the commissioners, when collected, shall be paid over by said commissioners to the treasurer, and take a receipt therefor; and it shall constitute a part of the funds of said district, and be held subject to the order of said commissioners."

This act also authorized the commissioners to pay, out of the funds provided for that purpose, the county judge and county attorney for Campbell county certain portions of their salaries.

The appellants, as commissioners, appointed by the authority of said act, presented an account to the Campbell Chancery Court for services rendered by the janitor in waiting on said court, while held in Newport, and for lights and fuel. The chancellor rejected the claim upon the ground that the city jailer was entitled to said allowance.

It is agreed that the janitor appointed by the appellants rendered said services, and that the appellants furnished the lights and fuel.

By the second section of the act *supra* the appellants were authorized to appoint a janitor, whose duty it was, among other things, to wait upon the courts held

in the city of Newport; he was to be paid for his services out of the district fund. By the third section *supra* the appellants are entitled to the same pay for the janitor's services in waiting upon the courts held in the city of Newport, and for lights and fuel furnished said courts, as are allowed county jailers for similar services, and for lights and fuel; and said section is mandatory upon the several courts wherein said services are rendered to make the appellants the allowance; and when such allowance is collected by the appellants, it is their duty to pay the same to the treasurer of the district, when it becomes a part of the district fund, to be used for the purpose of defraying the general expenses of the district.

We are unable to perceive what right the city jailer has to an allowance for these services; because, first, he did not render the services; second, because, whatever duty he was once under to render these services, the act of 1886 *supra* relieved him, and expressly made it the duty of the appellants to render them, through the janitor.

As the office of city jailer is the creature of a legislative act, and as the city jailer of Newport had no authority to render these services except by an act of the Legislature, it will not be seriously contended that the Legislature could not constitutionally repeal the authority thus given, and confer the authority upon another.

The judgment is reversed, and the case is remanded with directions to allow the appellants' claim.